Celeste M. Brecht (State Bar No. 238604)
JONES DAY
555 South Flower Street
Floor 50
Los Angeles, CA 90071
Telephone: +1.213.489.3939
Facsimile: +1.213.243.2539
Email: cbrecht@jonesday.com

*Attorneys for Defendant*
CHEVRON U.S.A. INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

ROBERT PERRY and SHIRLEY PERRY,

*Plaintiffs*,

v.

Syngenta AG; Syngenta Crop Protection, LLC; Chevron U.S.A. Inc.; and DOES 1 through 60, inclusive,

*Defendants*.

Case No.

**NOTICE OF REMOVAL**

Complaint Filed: March 23, 2022
Action Removed: March 24, 2022
Trial Date: None Set

Defendant Chevron U.S.A. Inc. ("Chevron"), pursuant to 28 U.S.C. §§ 1331, 1332, 1441, 1446, and 1367, hereby removes the above-captioned action from the Superior Court of the State of California, County of Contra Costa, Case No. C22-00547, to the United States District Court for the Northern District of California. Chevron, Syngenta Crop Protection LLC and Syngenta AG (*collectively*, "Syngenta") are collectively referred to herein as Defendants. All Defendants consent to removal. In support, Chevron provides this "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).

**NATURE OF REMOVED ACTION**

1. On March 23, 2022, Plaintiffs filed this action, *Perry et al. v. Syngenta AG et al.*, in the Superior Court of the State of California, County of Contra Costa, Case No. C22-00547, alleging claims based upon exposure to unspecified products containing paraquat and Plaintiff

Robert Perry's subsequent diagnosis with Parkinson's disease.

2. The Complaint asserts causes of action for strict liability; negligence; breach of implied warranties; and punitive damages.

3. The thrust of Plaintiffs' allegations is that by manufacturing, distributing, or selling products containing paraquat, Defendants exposed Plaintiffs to an increased likelihood of developing Parkinson's disease, a disease that he was later diagnosed with.

4. This alleged conduct purportedly harmed Plaintiffs in the form of physical injury, pain, mental anguish, and disability.

5. Over 500 similar cases—alleging Parkinson's disease based on past exposure to paraquat—have been filed against Syngenta and Chevron in federal courts around the country, and consolidated into a multidistrict litigation in the Southern District of Illinois. *See In re: Paraquat Prods. Liab. Litig.*, 21-md-03004 (S.D. Ill. 2021). That MDL is still in its early stages, with new cases regularly being transferred to it. By filing this case in state court, Plaintiffs seek to avoid the MDL, which is designed to ensure the most efficient and orderly administration of a large number of cases presenting common issues of law and fact.

6. This case is subject to removal on the grounds of diversity jurisdiction. There is complete diversity between the parties, and the amount-in-controversy requirement is easily met for a case of this nature. Further, while Chevron is headquartered in California, Chevron has not yet been served in this action, and therefore removal is proper notwithstanding the forum-defendant exception to diversity jurisdiction.

7. Plaintiffs' claims are also removable because they arise under federal law. The claims are premised on the breach of duties governed by the Federal Insecticide, Fungicide, and Rodenticide Act, 7 U.S.C. §§ 136 *et seq*. ("FIFRA"), as regulated and enforced by the Environmental Protection Agency ("EPA"). *See, e.g.*, 7 U.S.C. § 136a (EPA must register any pesticide, including herbicides, before it is sold domestically after weighing the economic, social, and environmental benefits and costs of the product); *id*. § 136(q)(1)(F) (FIFRA empowers EPA to control warnings, directions, and packaging, and specifically mandates warnings for pesticides that are "adequate to protect health and the environment"); *id*. § 136j(a)(2)(G) (making it illegal

to use any pesticide "in a manner inconsistent with its labeling"); 40 C.F.R. § 152.160 (paraquat is a "restricted use" pesticide and may only be applied by a certified "restricted use" applicator or someone acting under a certified applicator's "direct supervision"); *id*. §§ 171.103, 171.105 (pesticide applicators are taught to read and understand warnings and instructions for paraquat and must take "[m]easures to avoid or minimize adverse health effects").

8. Because any duties relating to paraquat arise exclusively from federal law—FIFRA and its underlying regulations—alleged violations of federal law form the basis for the underlying claims. It would be illegal for any state to require that a paraquat label include a warning about the risk of developing Parkinson's disease because EPA has determined that no causal link exists. *See* 7 U.S.C. § 136v(b) (states are prohibited from imposing "labeling or packaging" requirements "in addition to or different from" those required under FIFRA); EPA, Paraquat Dichloride: Interim Registration Review Decision, Case No. 0262, at 18 (July 13, 2021), *available at* https://www.regulations.gov/document/EPA-HQ-OPP-2011-0855-0307 ("[T]he weight of evidence [is] insufficient to link paraquat exposure from pesticidal use of U.S. registered products to [Parkinson's disease] in humans.").

9. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders which have been filed in the underlying matter are attached in the concurrently filed Declaration of Celeste M. Brecht and Exhibits in Support of Chevron U.S.A. Inc.'s Notice of Removal as **Exhibit A**. A copy of the State docket, showing all filings and activity to date, is attached in the Declaration of Celeste M. Brecht in Support of Chevron U.S.A. Inc.'s Notice of Removal as **Exhibit B**.

## TIMELINESS OF REMOVAL

10. Chevron has not been served with a copy of the Complaint filed in Contra Costa County. Defendants have not otherwise responded to the Complaint in state court. Accordingly, this notice of removal is timely. *See, e.g.*, 28 U.S.C. § 1446(b) (notice of removal must be filed within 30 days of defendants being served); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354-56 (1999) (30-day removal period begins to run upon service of summons and complaint).

**PROPRIETY OF VENUE**

11. Venue is proper in this district pursuant to 28 U.S.C. § 1446(a) because the Superior Court for Contra Costa County, where the state court action was pending prior to removal, is a state court within this federal district and division. *See* 28 U.S.C. § 84(a).

**BASIS OF REMOVAL**

**Diversity Jurisdiction**

12. Removal is proper pursuant to 28 U.S.C. §§ 1332 and 1441 because there is complete diversity between the parties and the amount in controversy exceeds $75,000.

13. Plaintiffs are residents of Tennessee. Compl. ¶ 2.

14. Syngenta AG is headquartered in Basel, Switzerland, and incorporated in Switzerland, and is thus a foreign citizen.

15. Syngenta Crop Protection LLC operates its headquarters in Greensboro, North Carolina. Syngenta's sole member is Syngenta Seeds, LLC, which is headquartered in Downers Grove, Illinois. The sole member of Syngenta Seeds, LLC is Syngenta Corporation, which is incorporated and headquartered in Delaware. Syngenta Crop Protection LLC is therefore a citizen of the state of Delaware. *See Carden v. Arkoma Assoc.*, 494 U.S. 185, 195 (1990); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

16. Chevron U.S.A. Inc. is headquartered in California and incorporated in Pennsylvania, and it is thus a resident of those two states. *See Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010) (citing 28 U.S.C. § 1332(c)(1)).

17. Therefore, complete diversity exists among the parties.

18. The amount in controversy also exceeds $75,000. A notice of removal need only contain a "plausible allegation" that the amount in controversy exceeds the jurisdictional threshold. *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).

19. The amount in controversy is met because Plaintiffs seek substantial monetary damages for physical injuries, pain, mental anguish, and disability. Compl. ¶¶ 102, 118–23, Prayer for Relief. Plaintiff further seeks costs. Compl. Prayer for Relief. The costs of Plaintiff's medical treatment alone could exceed $75,000. *See* Matthew Gavidia, "Study Details Economic

Burden of Parkinson Disease in the United States," (June 3, 2020), https://www.ajmc.com/view/study-details-economic-burden-of-parkinson-disease-in-the-united-states. If Defendants are mistaken on the amount of claimed damages, they invite Plaintiff to stipulate that alleged damages do not exceed $75,000.

20. The forum-defendant exception to removal based on diversity of citizenship stated in 28 U.S.C. § 1441(b)(2) does not apply because Chevron has not yet been served in this action. *See Encompass Ins. Co. v. Stone Mansion Restaurant Inc.*, 902 F.3d 147, 152 (3d Cir. 2018); *Regal Stone Ltd. v. Longs Drug Stores Cal., LLC*, 881 F. Supp. 2d 1123, 1127-28 (N.D. Cal. 2012).

**Federal Question Jurisdiction**

21. Removal is proper in the alternative pursuant to 28 U.S.C. §§ 1331 and 1441 because Plaintiff's claims present a substantial federal question.

22. The original jurisdiction of the district courts includes jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

23. The well-pleaded complaint rule governs whether a case arises under federal law for purposes of § 1331. *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 (2002). But the artful-pleading doctrine "empowers courts to look beneath the face of the complaint to divine the underlying nature of a claim." *BIW Deceived v. Local S6, Indus. Union of Marine & Shipbuilding Workers of Am.*, 132 F.3d 824, 831 (1st Cir. 1997). "[A] plaintiff may not, by the expedient of artful pleading, defeat a defendant's legitimate right to a federal forum." *Id.*

24. Even when state law creates the causes of action, a complaint may raise a substantial question of federal law if "vindication of a right under state law necessarily turn[s] on some construction of federal law." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808-09 (1986) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 9 (1983)); *see also Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 565 (6th Cir. 2007) ("Under the substantial-federal-question doctrine, a state law cause of action may actually arise under federal

law, even though Congress has not created a private right of action, if the vindication of a right under state law depends on the validity, construction, or effect of federal law.").

**I. Plaintiff's Claims Implicate a Federal Issue That Is Necessarily Raised, Actually Disputed, Substantial, and Capable of Resolution in Federal Court.**

25. "[F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013); *see Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). "Where all four of these requirements are met . . . jurisdiction is proper because there is a 'serious federal interest in claiming the advantages thought to be inherent in a federal forum,' which can be vindicated without disrupting Congress's intended division of labor between state and federal courts." *Gunn*, 568 U.S. at 258 (quoting *Grable*, 545 U.S. at 313-14).

26. Where, as here, purported state law claims are premised on violations of duties governed by a federal statute, these requirements are satisfied and a federal court has jurisdiction over those claims. *See Bd. of Comm'rs of Se. La. Flood Protection Auth.-East v. Tenn. Gas Pipeline Co.*, 850 F.3d 714, 722-23 (5th Cir. 2017) (concluding that federal question jurisdiction exists because claims were premised on failure to satisfy standard of care established in federal statute); *see also Wullschleger v. Royal Canin U.S.A., Inc.*, 953 F.3d 519, 522 (8th Cir. 2020) (concluding a federal question was raised where "Plaintiff's dependence on federal law permeates the allegations such that the [claims purportedly brought under state law] cannot be adjudicated without reliance on and explication of federal law").

27. As set forth below, all four requirements for federal jurisdiction over Plaintiff's claims are satisfied.

28. Although Plaintiff couches his claims against Defendants as violations of "state law," they base their underlying theory of liability on alleged violations of federal law or alleged duties arising out of federal law, specifically FIFRA. Compl. ¶¶ 47–57.

29. Specifically, the Complaint alleges that Defendants violated duties established by federal law by failing to warn about the risks that paraquat allegedly posed to human health, and by failing to conduct proper research / testing and appropriately package / label paraquat-containing products.

30. FIFRA and its implementing regulations are the exclusive source of the asserted legal duties regarding the labeling, handling, and use of paraquat. *See, e.g.*, 7 U.S.C. § 136(q)(1)(F) (FIFRA empowers EPA to control warnings, directions, and packaging, and mandates warnings that are "adequate to protect health and the environment"); *id.* § 136j(a)(2)(G) (it is illegal to use any pesticide "in a manner inconsistent with its labeling"). Indeed, states are *prohibited* from imposing "labeling or packaging" requirements "in addition to or different from" those required under federal law. *Id.* § 136v(b); *see also Nat'l Meat Ass'n v. Harris*, 565 U.S. 452, 459–60 (2012) (such language "sweeps widely—and in so doing … prevents a State from imposing any additional or different—even if non-conflicting—requirements that fall within the scope of the" federal law). Accordingly, Plaintiff's claims are necessarily governed by the federal requirements under FIFRA and require interpretation of that statute, as any additional or different duties would be preempted.

31. Plaintiff's theories of liability against Defendants, as pleaded in the Complaint, are thus predicated on allegations that they breached alleged duties owed under FIFRA regarding the distribution and sale of paraquat. Plaintiff asserts, *inter alia,* that Defendants should have included additional or different information on the labels for paraquat products even though the information on those labels is directly approved by the EPA and federal law prohibits any state law from imposing different requirements.

32. The federal question presented by Plaintiff's claims therefore is "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 568 U.S. at 258.

33. ***First***, Plaintiff's claims necessarily require resolution of a federal question—i.e., what obligations and duties did Defendants have under FIFRA to warn about a hypothesized connection between paraquat and Parkinson's.

34. ***Second***, this federal issue is "actually disputed" because the parties disagree as to the existence and scope of the alleged duties arising under FIFRA. Specifically, the parties dispute whether Defendants had an obligation to warn about, or protect the public from, the alleged association between paraquat and Parkinson's disease, despite the fact that the EPA—the expert agency with regard to all pesticides—has concluded that no such connection exists.

35. ***Third***, the federal issue presented by Plaintiff's claim is "substantial." *Gunn*, 568 U.S. at 258. Congress recognized the importance of a nationwide approach to the EPA's regulation of pesticides when it enacted FIFRA. *See Nathan Kimmel, Inc. v. DowElanco*, 275 F.3d 1199, 1205–06 (9th Cir. 2002) ("Congress has afforded the EPA substantial enforcement powers under FIFRA"). FIFRA recognizes the uniquely federal interest in regulating pesticides across the nation and expressly excludes the authority of states to do so. *See* 7 U.S.C. § 136v(b) (states are prohibited from imposing "labeling or packaging" requirements "in addition to or different from" those required under FIFRA); *see also Bates v. Dow Agrosciences LLC*, 544 U.S. 431 (2005) (creating a two-part test for analyzing preemption under FIFRA).

36. Removal is especially appropriate here because Plaintiff's action is one of hundreds of similar actions nationwide, over 350 of which are pending in the Paraquat MDL in the Southern District of Illinois. *See In re: Paraquat Prods. Liab. Litig.*, 21-md-03004 (S.D. Ill. 2021).

37. ***Fourth***, and finally, the federal issue also is capable of resolution in federal court "without disrupting the federal-state balance approved by Congress." *Gunn*, 568 U.S. at 258. Indeed, federal courts are afforded exclusive jurisdiction to hear challenges to the EPA's authority to enforce FIFRA. *See* 7 U.S.C. § 136n. Litigating this case in a state court runs the risk of the state court applying federal requirements in a manner either in tension or in conflict with the way the federal agency tasked with enforcing FIFRA—the EPA—applies them. Federal jurisdiction is therefore properly exercised to resolve "disputed issues of federal law" under FIFRA.

**B. The Court Can Exercise Supplemental Jurisdiction.**

38. If the Court determines that some, but not all, of Plaintiff's claims implicate a substantial federal question, the Court can evaluate whether to retain the non-federal claims under the doctrine of supplemental jurisdiction, which grants jurisdiction over state claims forming part of the same case or controversy. *See* 28 U.S.C. § 1367(a).

39. It is not necessary to establish that *all* of Plaintiff's causes of action raise a federal question to establish federal jurisdiction. Even if Plaintiff could prove one or more of those counts without establishing a violation of federal law, "[n]othing in the jurisdictional statutes suggests that the presence of related state law claims somehow alters the fact that [the] complaints, by virtue of their federal claims, were 'civil actions' within the federal courts' 'original jurisdiction.'" *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 166 (1997).

40. Because the Court has original jurisdiction over at least some counts against Defendants, it has supplemental jurisdiction over Plaintiff's remaining counts against the Defendants, which are so related that they form part of the same case or controversy.

**OTHER REMOVAL ITEMS**

41. Defendants Syngenta Crop Protection LLC and Syngenta AG consent to removal.

42. All Defendants thus consent to removal.

43. By filing this Notice of Removal, Chevron expressly reserves, and does not waive, any and all defenses that may be available to it, including those related to personal jurisdiction and service of process. If any question arises as to the propriety of removal to this Court, Chevron requests the opportunity to submit a brief in support of its position that this case has been properly removed and to present oral argument.

44. Pursuant to 28 U.S.C. § 1446(d), Chevron is contemporaneously filing a Notice of Removal with the clerk of the state court where the lawsuit has been pending and serving notice of the filing of this Notice of Removal on Plaintiffs.

WHEREFORE, Chevron removes this action, now pending in the Superior Court of the State of California, County of Contra Costa, Case No. C22-00080, to this Court.

Dated: March 24, 2022

Respectfully Submitted,

By: *s/ Celeste M. Brecht*
Celeste M. Brecht

*Attorneys for Chevron U.S.A. Inc.*